IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIYANA PRICE-PAULINE, | No. C 14-0850 RS |
| Plaintiff, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON APPLICATION FOR PRELIMINARY INJUNCTION** |
| v. | |
| PERFORMANT RECOVERY, INC., et al., | |
| Defendants. | |

Plaintiff Aiyana Price-Pauline acknowledges she has a delinquent unpaid student loan. She contends, however, that defendants have violated the Fair Debt Collection Practices Act, California's Rosenthal Act, and other laws in attempting to collect. Price-Pauline has been informed that her Social Security benefits, which she alleges are her sole source of income, will be garnished beginning as early as next month. Price-Pauline seeks a temporary restraining order, pending a hearing on preliminary injunction, to restrain defendants from proceeding with the garnishment.

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to

1

preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

      Here, even assuming Price-Pauline has at least established the existence of serious questions going to the merits, she has nevertheless not shown issuance of a TRO to be warranted. First, while the Department of the Treasury has advised Price-Pauline the garnishment will go into effect "no sooner than 3/2014," it is not known when her benefits will actually be reduced. Second, although Price-Pauline asserts garnishment will reduce her monthly benefits from $897 to $750 (a reduction of $147), the evidence is that the garnishment will be only 15%, which will leave her the slightly higher monthly sum of $762.45.

      More fundamentally, regardless of the precise amount of the garnishment or when it may take effect, the alleged irreparable harm to Price-Pauline would not arise from garnishment of a single month's benefits, a loss of only $134.50. While that sum is certainly not inconsequential, Price-Pauline has not shown, or attempted to show, that she will be unable to meet her expenses for one month without it. Thus, setting the matter for an expedited preliminary injunction hearing provides adequate and appropriate relief at this juncture, and will permit defendants an opportunity to be heard.

1  Accordingly, the application for a TRO is denied. Price-Pauline's application for a
2  preliminary injunction will be heard on March 13, 2014, at 1:30 p.m. in Courtroom 3 of the above
3  entitled court, the Honorable Richard Seeborg presiding. Plaintiff shall give notice of this order
4  forthwith by providing copies to defendants by email and fax in the same manner as they gave
5  notice of their application, and further shall cause a copy of this order to be served on defendants
6  promptly. Defendants may file opposition no later than March 7, 2014. Any reply shall be filed by
7  March 11, 2014.

9  IT IS SO ORDERED.

11  Dated: February 26, 2014

  EDWARD M. CHEN
  UNITED STATES DISTRICT JUDGE