# EXHIBIT 4

Scott C. Borison, State Bar No. 289456
Legg Law Firm, LLC
1900 S. Norfolk St., Suite 350
San Mateo CA 94403
Telephone:    (301) 620-1016
Fax:                (301) 620-1018
Email:  borison@legglaw.com

Attorney for Plaintiff, AIYANA PRICE-PAULINE

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| AIYANA PRICE-PAULINE,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANT RECOVERY INC.,<br><br>Defendant. | Case No. 3:14-CV-00850-JD<br><br>**DECLARATION OF SCOTT C. BORISON IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES** |

Scott C. Borison, being of lawful age, declares under the penalty of perjury, the following facts:

1.  I have been practicing law since 1987. I was first admitted to the State of Oklahoma Bar in 1987 after graduating that year from the University of Oklahoma, School of Law.  I worked as a law clerk to Judge, Lester A. Reynolds, a member of the Oklahoma Court of Appeals. I also worked for a period of time as in house corporate counsel for an oil and gas exploration and production company before entering private practice.

- 1 -

MOTION FOR COSTS AND ATTORNEY FEES                                        CASE NO. 3:14-CV-00850

2. While I am no longer a member of Oklahoma Bar (I voluntarily resigned after I moved from Oklahoma) I am currently a member of the bars of the District of Columbia, Maryland and California. I am also admitted to practice before various federal courts including:

    a. The United States Court of Appeals for the 1st, 3rd, 4th and 11th Circuit.

    b. The United States District Courts for the Central, Eastern and Northern Districts of California, District of Columbia, Northern District of Florida, District of Maryland, Eastern District of Missouri, Northern District of Ohio and Eastern District of Tennessee.

3. Since April 1994, I have been a member of Legg Law Firm LLC (now LLP). My practice area has been concentrated on consumer finance issues. I have represented consumers in individual and class actions. I have been appoint as class counsel in over 20 cases.

4. I stay current on the law in my area through constant study and attending seminars and speaking on panels. I have been a panelist for over 25 programs sponsored by both consumer organizations and defense organizations.

5. I am also proud that I am a graduate of Gerry Spence's Trial Lawyers College where I completed an intensive 3 ½ week program. I have also attended additional courses from the Trial Lawyers College ranging from 4 days to a week long.

6. A number of my cases have resulted in published decisions. A list of the published cases is attached as Exhibit A. There are also a number of my cases that have been included and are available through Westlaw.

7. The time I spent on Ms. Pauline-Price's cases included 59.87 hours as shown on Exhibit B. During the course of representation, I normally do not charge for each and every contact and did not here. Other than substantial meetings, I normally do not charge for communications with my client and did not here. The hours I am requesting compensation for are derived from time records that I

- 2 -

keep contemporaneously. The time spent was necessary and reasonable to properly and competently represent my client in this matter.

8. The Defendant maintained various defenses in this action that required time to be spent reviewing all documentation provided by the Defendant to properly prepare for depositions of the Defendant and its employees. It is my belief that if I had not spent the time to thoroughly prepare for the depositions the Defendant would have continued to contend that there was a factual basis for many of its contentions.

9. I worked with attorneys from Housing and Economic Rights Advocates (HERA) and the East Bay Community Law Center (EBCLC) on this case. We divided the work between us to avoid any unnecessary duplication of efforts.

10. I am familiar with the hourly rates charged for persons with my experience and background and submit that the hourly rate of $600 per hour for my work is in line with the hourly rates both sought and awarded for attorneys with similar background and experience. This includes recent cases before this Court which involved consumer protection claims such as *De Amaral v. Golsmith & Hull*, 2014 WL 1309954 (N.D. Cal. 2014)(rates of $450 per hour for an attorney with 14 years experience and $350 per hour for an attorney with 7 years of experience); *Rivera v. Portfolio Recovery Associates, Inc.*, 2013 WL 5311525 (N.D. Cal. 2013)($450 per hour).

11. My hourly rate for non-contingent cases that I have recently charged and was paid for my services is $550 per hour.

12. In connection with the filing of this motion, I attempted to arrange a time to meet and confer with the Defendant's counsel. I provided the time records and proposed hourly rates to the Defendant's counsel by e mail on Sunday, July 26, 2015. At that time, I had also made a proposed resolution of the motion. Defendant requested more time to respond, which I agreed to. Since I did not hear further, I followed up with another e mail on Monday, August 3, 2015, a

- 3 -

phone call the next day and I left a message for her to call me and then an additional e mail on Tuesday August 4, 2015. I received an email on Thursday August 6, 2015 at 6:39 p.m. from Defendant's counsel advising me "I will get back to you by 10 a.m. tomorrow". I never heard from her. I believe that I have made good faith efforts to meet and confer before filing this motion. Executed this 8th[th] Day of August, 2015.

/s/ Scott C. Borison
Scott C. Borison

# EXHIBIT A TO EXHIBIT 4

1. *In re Cmty.Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, ____ F.3d. _____ (July 29, 2015) (2015 WL 4547042)

2. *Len Stoler, Inc. v. Wisner*, 223 Md.App. 218 (Md.App.,2015)

3. *NVR Mortg. Finance, Inc. v. Carlsen*, 439 Md. 427 (Md.,2014)

4. *Finch v. LVNV Funding, LLC* 212Md.App. 748, 71 A.3d 193 (Md.App.,2013)

5. *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F.Supp.2d 502 (D.Md.,2013)

6. *Franklin Credit Management Corp. v. Nefflen*, 436 Md. 300 (2013).

7. *Epps v. JP Morgan Chase Bank, N.A.* 675 F.3d 315 (4th Cir. 2012)

8. *Costley v. Service Protection Advisors, LLC*, 887 F.Supp.2d 657 (D.Md.,2012)

9. *Gardner v. Montgomery County Teachers Federal Credit Union* 2012 WL 1994602 (D.Md.,2012)

10. *In re Checking Account Overdraft Litigation* MDL No. 2036, 674 F.3d 1252 (11th Cir. 2012)

11. *Stewart v. Bierman*, 859 F.Supp.2d 754 (D.Md.,2012)

12. *Svrcek v. Rosenberg*, 203 Md.App. 705 (Md.App.,2012)

13. *Ford Motor Credit Co., LLC v. Roberson*, 420 Md. 649, 25 A.3d 110 (Md.,2011)

14. *In re Checking Account Overdraft Litigation*, 813 F.Supp.2d 1365 (S.D.Fla.,2011)

15. *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d.719 (D.Md. 2011)

16. *Hauk v. LVNV Funding, LLC*, 749 F.Supp.2d 358 (D.Md.,2010)

17. *In re Community Bank of Northern Virginia*, 622 F.3d 275 (3rd Cir. 2010)

18. *Poku v. F.D.I.C.* 752 F.Supp.2d 23 (D.D.C.,2010)

19. *Bradshaw v. Hilco Receivables, LLC* 725 F.Supp.2d 532 (D.Md.,2010)

20. *Proctor v. Metropolitan Money Store Corp*., 645 F.Supp.2d 464 (D.Md.,2009)

21. *Harris v. Database Management & Marketing, Inc*., 609 F.Supp.2d 509 (D.Md.,2009)

22. *Griffin v. Bierman,* 403 Md. 186, 941 A.2d 475,( Md. *2008)*

23. *Poku v. Friedman,* 403 Md. 47, 939 A.2d 185*,* (Md.  *2008)*

24. *Sullivan v. Greenwood Credit Union,*  520 F.3d 70 (1st Cir. 2008)

25. *Chambers v. Cardinal,* 177 Md.App. 418, 935 A.2d 502, *(*Md.App. *2007)*

26. *Wells Fargo Home Mortg., Inc. v. Neal,* 398 Md. 705, 922 A.2d 538, *(*Md. *2007)*

27. *Neal v. Wells Fargo Home Mortg., Inc.,* 168 Md.App. 747, 899 A.2d 208, *(*Md.App. *2006)*

28. *In re Cmty.Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig*., 418 F.3d 277 (3d Cir. 2005)

29. *Hyde v. RDA, Inc.,* 389 F.Supp.2d 658, *(*D.Md. 2005*)*

30. *Thomas v. GMAC Residential Funding Corp.,* 309 B.R. 453 (D. Md. 2004)

31. *McKenzie v. Ocwen Fed. Bank FSB*, 306 F. Supp. 2d 543 (D. Md. 2004)

32. *In re Brown*, 300 B.R. 871 (D.Md.,2003)

33. *Ray v. Citifinancial, Inc.* 228 F. Supp. 664, 665 (D.Md. 2002)

34. *Staley v. Americorp*, 164 F.Supp.2d 578, 584 (D. Md. 2001)

35. *Secure Financial Service, Inc. v. Popular Leasing USA, Inc.,* 391 Md. 274, 892 A.2d 571, *(*Md. 2005*)*

36. *Sweeney v. Savings First Mortg., LLC,* 388 Md. 319, 879 A.2d 1037, *(*Md.  2005*)*

37. *Levitt v. Fairfield Resorts, Inc.,* 383 Md. 209, 857 A.2d 1128, *(*Md. 2004*)*

*38. Thrasher v. Homecomings Financial Network, Inc.,* 154 Md.App. 77, 838 A.2d 392, *(*Md.App. 2003*)*

*39. Drew v. First Guar. Mortg. Corp.,* 379 Md. 318, 842 A.2d 1, *(*Md. 2003*)*

*40. Franklin Credit Management Corp. v. Nefflen*, 208 Md.App. 712, (2012)

# EXHIBIT B TO EXHIBIT 4

| Price Pauline v. PRI | | |
|---|---|---|
| | | Scott Borison |
| **Preparation** | | **Hours** |
| 12/22/14 | Review Complaint and other documents | 1.5 |
| 12/26/14 | Follow up on potential case | 0.25 |
| 1/2/15 | Research and review regulations under 34 CFR | 2 |
| 1/7/15 | Meet with potential client to discuss case and representation | 3.35 |
| 1/14/15 | Follow up with co counsel re: schedule and deadlines | 1.2 |
| | | |
| **Case Work** | | |
| 1/20/15 | Enter Appearance | 0.1 |
| 1/21/15 | Review OOJ and discuss it | 0.5 |
| 1/21/15 | Review production of documents, prepare for deposition of 2 fact | |
| | witnesses and PMK witness, prepare outline and questions for each | 7.5 |
| 1/22/15 | Conduct 2 depositions of "Brook Alexander" and Vincent Ramirez | 7 |
| 1/23/15 | Revise outline and deposition questions for PMK based on testimony | |
| | of fact witnesses - Conduct deposition | 7 |
| 1/28/15 | Meeting with co counsel re: remaining discovery needs | 2 |
| 1/30/15 | Review PRI discovery requests RFP and Int. | 1 |
| 2/10/15 | Review deposition transcripts | 1.25 |
| 2/23/15 | Communicate with client re: discovery requests | 2 |
| 2/25/15 | Work on responses to discovery requests - meet with client | 2.5 |
| 2/27/15 | Meet with fact witness | 2.25 |
| 3/1/15 | Work on finalizing discovery responses | 0.75 |
| 3/2/15 | Attend deposition of Debra Price | 4.97 |
| 3/6/15 | Attend deposition of Client | 6 |
| 6/6/15 | Review and revise CMC | 0.5 |
| 6/17/15 | Discuss settlement | 0.25 |
| 6/24/15 | Review prior CMC statements for CMC hearing | 1.5 |
| 6/25/14 | Attend CMC conference before Court | 2 |
| 7/13/15 | Discuss OOJ and response | 0.5 |
| | | |

| **Communications** | | |
|---|---|---|
| | E mails and telephone conferences with Opposing counsel | 2 |
| | including 2/17; 2/19 (2); 2/23; 2/27 (2); 5/18; 5/21; 6/3 | |
| | TOTAL | 59.87 |