UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIYANA PRICE-PAULINE,<br><br>    Plaintiff,<br><br>    v.<br><br>PERFORMANT RECOVERY, INC.,<br><br>    Defendant. | Case No. 14-cv-00850-JD<br><br>**ORDER RE ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 63, 74, 81 |

Plaintiff Aiyana Price-Pauline filed this action against defendants Performant Recovery, Inc. ("PRI") and the Pennsylvania Higher Education Assistance Agency ("PHEAA") on February 26, 2014. Dkt. No. 1. Price-Pauline alleged violations of the Fair Debt Collections Practices Act, Rosenthal Fair Debt Collections Practices Act, and the California Unfair Competition Law. *Id*. Plaintiff voluntarily dismissed the claims against PHEAA on May 22, 2015, and accepted PRI's offer of judgment under Federal Rule of Civil Procedure 68 on July 13, 2015. Dkt. Nos. 24, 57. The Court entered judgment in favor of plaintiff on her Fair Debt Collection Practices Act and California Rosenthal Act claims on the same day. Dkt. No. 58.

Plaintiff initially moved for $109,575.75 in attorneys' fees for six attorneys and three legal interns. Dkt. Nos. 63, 64, 74.[1] Defendant objected to the request for attorney fees as excessive, and argued plaintiff should not be granted more than $49,579.25. Dkt. No. 67. Plaintiff also seeks reimbursement of $2,026.42 in costs. Dkt. Nos. 61, 66. Defendant originally challenged the bill of costs, but withdrew its objection after plaintiff revised the request. *See* Dkt. Nos. 65, 70.

---

[1] Plaintiff re-filed her motion on September 4, 2015, after the Court denied permission to file certain exhibits under seal. Dkt. Nos. 71, 74. Because this later filing is more complete, the Court will cite to the copy of the motion at Dkt. No. 74 and its exhibits instead of the versions at Dkt. Nos. 63-64.

At the December 30, 2015 hearing on this matter, the Court voiced concern about multiple billing entries that indicated inefficient and duplicative work by plaintiff's attorneys and interns. Dkt. No. 80. In response to the Court's comments, plaintiff filed a revised request for attorneys' fees on January 6, 2016, in which she "amended her motion to eliminate charges for interns/law students, charges for communication between counsel, and other time." Dkt. No. 81 at 1. Plaintiff also explained that certain previously charged hours had been due to departures of two attorneys during the pendency of the case. *Id*. at 1-2. Plaintiff's revised request seeks a total of $65,378.25 in fees. *Id*. at 2. While the Court indicated it would take the matter under submission after plaintiff submitted a revised request, defendant filed an unsolicited opposition, now arguing that plaintiff should not receive more than $35,168 in fees. Dkt. No. 82 at 10.

The Court finds the revised fee request to be fair and reasonable, with one modification, and awards plaintiff $64,515.75 in fees. The Court also awards plaintiff $2,026.42 in costs.

## DISCUSSION

### I.   STANDARDS

The Fair Debt Collection Practices Act allows a plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). A similar award is also available under the Rosenthal Act. *Klein v. Law Offices of D. Scott Carruthers*, No. C15-00490 CRB, 2015 WL 3626946, at *2 (N.D. Cal. June 10, 2015) (citing Cal. Civil Code § 1788.30(c)).

The Court calculates an attorneys' fees award using the "lodestar" method. *Camacho*, 523 F.3d at 978. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)) (internal quotations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation. *Klein*, 2015 WL 3626946, at *2 (citing *Hensley*, 461 U.S. at 433). The Court may reduce the award "[w]here the documentation of hours is inadequate," and may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34. The Court determines a reasonable hourly

1    rate by considering "the experience, skill, and reputation of the attorney requesting fees." *Klein*,

2    2015 WL 3626946, at *2 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th

3    Cir.1986)). The Court has "'a great deal of discretion in determining the reasonableness of the

4    fee.'" *Camacho*, 523 F.3d at 978 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.

5    1992)).

## II. HOURLY RATES

Price-Pauline has persuasively shown that the rates sought for her legal staff are within the rates "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *See Camacho*, 523 F.3d at 979 (internal quotation omitted). Price-Pauline supports the hourly rate of $600 sought for attorney Scott Borison with a declaration from Borison, Dkt. No. 74-4, and a declaration from a local consumer protection lawyer Balam Letona attesting to prevailing rates in the bay area. Dkt. No. 74-7. Borison details his 28 years of legal experience, including at least 20 concentrating on consumer finance issues, cites his $550 per hour rate in non-contingent cases, and cites local caselaw where attorneys with 14-16 years of experience earn $450. Dkt. No. 74-4 ¶¶ 1, 3, 10. Declarant Letona cites local cases in which hourly rates up to $560 were provided to attorneys with only fourteen years experience, and states that the market rate for consumer law cases in the bay area ranges from $300-$700 or more per hour based on "skill, experience and reputation." Dkt. No. 74-7 ¶¶ 13-15.

Price-Pauline seeks an hourly rate of $500 per hour for her former lead attorney Joseph Jaramillo, previously of the Housing and Economic Rights Advocates ("HERA"). Dkt. No. 74-5 ¶ 7. The request is supported by a declaration from Noah Zinner of HERA, attesting to Jaramillo's 20 years of experience in litigation. *Id*. Zinner also details his own eight years as an attorney in consumer litigation in support of the $400 per hour rate sought for his work. *Id*. ¶¶ 2-5, 8. These rates are in line with the market rates cited by Letona. Dkt. No. 74-7 ¶¶ 13-15, 17, 19.

Finally, Price-Pauline requests an hourly rate of $375 for her former attorney Megan Ryan, whose six years of practice were attested to by her former supervisor, East Bay Community Law Center Director Sharon Djemal. Dkt. No. 74-6 ¶ 6. This rate is supported by Djemal and commensurate with the rates cited by Letona, which show a rate of $364 per hour awarded to an

1  attorney with five years experience, and a rate of $350 per hour awarded to an attorney with seven
2  years experience. Dkt. No. 74-7 ¶¶ 13-15.

3        Defendant rather frivolously characterizes the requested rates as excessive, Dkt. No. 67 at
4  11, based on old and out-of-district cases that hold little relevance to this case. *See Camacho*, 523
5  F.3d at 979, 981 (noting the "general rule" that the "reasonable hourly rate" is determined by the
6  "forum in which the district court sits," and that "a district court abuses its discretion to the extent
7  it relies on cases decided years before the attorneys actually rendered their services"). Defendant
8  also misses the mark in arguing for a rate reduction because this case was not particularly
9  complicated. While this case was not an all-out war, it required 16 months of litigation involving
10 written discovery, six depositions, discovery disputes, and a mediation before it settled. *See* Dkt.
11 Nos. 32, 67 at 1; Dkt. No. 74 at 4-6. The Court is also unpersuaded by defendant's unsupported
12 suggestion that the plaintiff's attorneys needed to demonstrate specific FDCPA expertise to
13 warrant the rates sought.

14       Overall, the Court is satisfied that the evidence provided by the plaintiff establishes the
15 length of experience of her attorneys in the consumer litigation field, and that their rates sought are
16 commensurate with and reasonable in light of the prevailing rates in the Northern District of
17 California for similar work by similarly situated attorneys. *See Camacho*, 523 F.3d at 980-81.

18 **III.   HOURS EXPENDED**

19       Plaintiff supported the $65,378.25 in attorneys' fees with a revised spreadsheet detailing
20 which fee requests were abandoned in light of the Court's concerns. *See* Dkt. No. 81-1. The
21 Court is satisfied that these revisions, which reduce the original fee request by approximately
22 40%, fully resolve the Court's concerns.

23       Despite these voluntary reductions, and without the Court's permission, defendant filed an
24 unsolicited opposition to press for even deeper cuts than it sought in its first opposition to
25 plaintiff's fee request. *Compare* Dkt. No. 67 at 1 ("this is a simple case, and should not have
26 taken more than $40,000 to $50,000"), *and* Dkt. No. 67 at 14 (recommending fees between
27 $39,369.76 and $49,579.25), *with* Dkt. No. 82 at 10 (arguing proper fees in this case would range
28 from $13,188 to $35,168).

The Court rejects defendant's requests for cuts to specific time entries. *See* Dkt. No. 67 at 5-10; Dkt. No. 82 at 4-8. For the most part, the requests are nitpicky complaints that are totally unwarranted, particularly after plaintiff's own significant reductions. To address some of the entries defendant carps about, the 0.1 hours spent by Jaramillo on 8/12/14 to confirm receipt of the mediation brief may be clerical time but does not rise to the level of needing correction. Jaramillo's time on 5/28/14 will not be reduced because defendant has misquoted the time entry. *See* Dkt. No. 67 at 5; Dkt. 74-5 at 8. The Court also does not reduce Jaramillo's time on 12/10/14 or Zinner's time on 1/14/15, which appear to involve case memoranda and 30(b)(6) deposition planning, respectively, which reasonably require attorney attention. *See* Dkt. 74-5 at 11-12.

The Court will not reduce Jaramillo's time preparing a motion on 8/13/2014 simply on defendant's decree that it was unnecessary. *See* Dkt. No. 67 at 6. The hours claimed for initial research and preparing the complaint in this matter also appear reasonable, especially given that the time the legal interns spent on these tasks has already been eliminated. *See* Dkt. No. 67 at 8-9. The Court disagrees with defendant's contention that all co-counsel intercommunication is non-compensable, *see* Dkt. No. 67 at 9, and declines to reduce these hours in light of the apparently unavoidable attorney turnover in this case and in light of the deep concessions plaintiff has already made. The Court will, however, reduce the hours claimed by attorney Ryan to attend the 5/29/2014 case management conference to 0.7, to match the hours claimed by the other attorney that attended. *See* Dkt. No. 67 at 8. The Court will not reduce the hours further based on alleged block-billing, as the disputed entries all contain sufficient detail for the Court to determine the reasonableness of hours expended. *See O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. 09-CV-03329-CW (NC), 2015 WL 4274370, at *7 (N.D. Cal. July 13, 2015).

Defendant also makes a number of requests for percentage-wise or across-the-board cuts, which the Court denies as unwarranted. The Court will not reduce the time spent on the Complaint by 20% to account for fees allocable to PRI's co-defendant. *See* Dkt. No. 67 at 7. The claims against both defendants involved a "common core" of facts, and are properly charged against PRI in their entirety. *Stonebrae L.P. v. Toll Bros. Inc.*, 521 Fed. App'x. 592, 594-95 (9th Cir. 2013) (affirming award of attorneys' fees related to dismissed claims because they were

related to and "arose from the same course of conduct" as those on which plaintiff prevailed). The Court also declines to reduce the award by 50% based on plaintiff's alleged "limited success" in this action. *See* Dkt. No. 67 at 12. To the contrary, plaintiff's $12,500 recovery here soundly exceeds the $1,000 statutory damages generally provided by a FDCPA action, and clearly speaks to her success in this matter. Even a $1,000 recovery in an FDCPA case does not render a plaintiff's success "limited." *See De Amaral v. Goldsmith & Hull*, No. 12-CV-03580-WHO, 2014 WL 1309954, at *5 (N.D. Cal. Apr. 1, 2014).

In summary, the Court approves these fees:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Scott Borison | 49.47 | $600 | $29,682 |
| Joseph Jaramillo | 44.9 | $500 | $22,450 |
| Noah Zinner | 14.6 | $400 | $5,840 |
| Megan Ryan | 19.75 - 2.3 = 17.45 | $375 | $6,543.75 |
|  |  | Total | $64,515.75 |

## CONCLUSION

Price-Pauline's motion for attorney fees and costs is granted with one slight modification. The Court grants Price-Pauline $64,515.75 in fees and $2,026.42 in costs.

**IT IS SO ORDERED.**

Dated: January 26, 2016

_____
JAMES DONATO
United States District Judge